## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------------X
HEATHER WILLIAMS                        |
                                        |
                                        |   Civil Action No.
          PLAINTIFF                     |
                                        |
          v.                            |
                                        |   COMPLAINT
ALLENTOWN SCHOOL DISTRICT               |
                                        |   Plaintiff Demands A
                                        |   Trial by Jury
                                        |
          DEFENDANT                     |
-----------------------------------------------------------------X
```

Plaintiff, HEATHER WILLIAMS, by and through her attorneys, Derek Smith Law Group, PLLC, upon information and belief, complains against Defendants as follows:

## INTRODUCTION

1. Plaintiff HEATHER WILLIAMS has a statutory and constitutional right to a workplace free from discrimination based upon her race, color, and sex.

2. The Defendants had actual knowledge of the severe and pervasive sex-based harassment and race/color-based discrimination to which Plaintiff was subjected. Defendants created a hostile work environment when they

failed to appropriately address the harassment and discrimination. By acting with deliberate indifference to that knowledge, Defendants deprived Plaintiff of her Constitutional Rights in violation of Title VII of the Civil Rights Act of 1964 as more fully set forth herein. Additionally, violation of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and to remedy violations of the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA").

3.  Plaintiffs also seeks to remedy violations of Pennsylvania State law and Pennsylvania Common law to redress injuries suffered by Plaintiff as a result of the harassment, discrimination, and retaliation suffered by Plaintiff based upon her sex/gender, race/color, or making complaints about harassing and discriminatory behavior.


**<u>JURISDICTION AND VENUE</u>**

4.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, 1343 and 2201, which gives district court's jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

5.     This court has jurisdiction in that this action involves a Federal Question.

6.     This Court has supplemental jurisdiction under 28 U.S.C. §1367.

7.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), since Defendant Allentown School District is in this judicial district and all or a substantial part of the events which give rise to the claim herein occurred in this district.

## PARTIES

9.    Plaintiff HEATHER WILLIAMS is an African American female. At all times material, she was the only African American teacher employed at Harrison Morton Middle School, located in the Allentown School District.

10.   At all times material, Plaintiff was a resident of the Lehigh County, in the Commonwealth of Pennsylvania, Plaintiff now resides in Camden County, in the state of New Jersey.

11.   At all times material, Plaintiff was an employee of the Defendants.

12.   Defendant, Allentown School District (ASD) is located and does business in Lehigh County, Pennsylvania. The Allentown School District is a large, urban public school district located in Lehigh County, Pennsylvania. Per school district officials, during the 2016-17 school year, the Allentown School District provided basic educational services to 16,628 pupils through the employment of 2,429 personnel. See Addendum for Student Racial Demographics. 89.1% of our families are denoted as Low Income, and 100% receive Free/Reduced Lunch. ASD is the third largest urban school system out of 500 Districts in the Commonwealth and serves a community with a poverty rate of 38.64% of the City's population. (2013 Census).

## APPLICABLE LAW AND POLICY

13.  This is an action seeking damages to redress injuries Plaintiff has suffered, and continues to suffer, as a result of unlawful employment discrimination and retaliation by Defendants against Plaintiff in violation of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and to remedy violations of the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA"). Plaintiff seeks further relief due the defendant's intentional and systematic pattern and practice of employment discrimination based upon race.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.  On April 25th, 2017, Plaintiff dual-filed a Charge of Discrimination (Charge No. 17F201860208) with the Equal Employment Opportunity Commission ("EEOC") and The Pennsylvania Human Relations Commission (Charge No. 201605652) ("PHRC").

15.   Plaintiff received a Notice of Right to Sue from the EEOC on July 7th, 2021, for her Charge of Discrimination. The Pennsylvania Commission issued a Finding of Probable Cause on January 6th, 2021.

## SUMMARY OF ALLEGATIONS

16.   This is an employment case involving allegations that on March 28th, 2017, Defendant disciplined (written warning) Plaintiff in retaliation of her protected activity (opposed unlawful discrimination), thereby violating Section 5(d) of the Pennsylvania Human Relations Act 43 P.S. § 951-963. On April 27th, 2017, Defendant disciplined (Suspension without pay 2-days) Plaintiff in retaliation of her protected activity (opposed unlawful discrimination), in violation of Section 5(d) of the Pennsylvania Human Relations Act 43 P.S. § 951-963 and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 200e. et seq.

## STATEMENT OF FACTS

18.   On March 26, 2017, Plaintiff submitted a written complaint of unlawful sexual harassment and racial discrimination to Defendant's Human Resources against Principal Daria Custer and Assistant Principal Joe

Licausi.

19.   The Defendant investigated Plaintiff's complaint.

20.   Plaintiff alleges that on March 28, 2017, Defendant disciplined her with a written warning.

21.   Defendant avers that the written warning had nothing to do with Plaintiff's written complaint of harassment but instead concerns a previous job performance issue that took place on January 12, 2017 involving a school resource officer who had been intimidating and harassing her.

22.   Defendant's Collective Bargaining Agreement Disciplinary Procedures states:

   a.   **417.2 Authority**; The district will follow the principals of progressive discipline. Progressive discipline stipulates that an employee may have progressively, or increasingly more severe penalties imposed each time s/he either repeats an offense or demonstrates the continuation of inappropriate conduct via a number of offenses which are not of the same type or degree. Some incidents may be sufficiently onerous as to justify the most severe level or levels of progressive discipline, without documenting a progression of disciplinary actions. The hierarchy of actions under progressive discipline will usually include verbal reprimand, written reprimand, suspension without pay, and dismissal.

23.   Records show that in the beginning of the 2016-2017 school year, Plaintiff began filing discrimination complaints with Defendant.

24.   Records show that on January 12, 2017, an incident was reported to Human Resources in which the Plaintiff spoke to the Principal and the School Resource Officer in an unprofessional tone in front of students.

25.   Records show that on January 19, 2017, Defendant met with Plaintiff to discuss the incident from January 12, 2017. During the meeting, Plaintiff reported to Human Resources all of the discrimination that she was subjected to previously.

26.   Records show that on or about March 28, 2017, Plaintiff submitted a written complaint of unlawful sexual harassment and racial discrimination to Defendant's Human Resources Department.

27.   Records show that on March 28, 2017, Director of Human Resources, David Elcock, issued Plaintiff a written warning for unprofessional conduct regarding the incident on January 12, 2017. Plaintiff avers that this written warning was in retaliation for her filing the March 28, 2017, complaint.

28.   Records show that Plaintiff refused to sign the disciplinary document dated March 28, 2017.

29.   Records show that on March 28, 2017, Defendant initiated the

investigation of Plaintiff's unlawful discrimination complaint.

30. Plaintiff alleges that Defendant's actions were retaliatory because two (2) days after she submitted her complaint of unlawful harassment, Defendant issued her a written warning.

31. Defendant avers that the written warning was wholly justified and based upon a violation unrelated to Plaintiff's complaints.

32. There are no records or interview notes from Defendant's investigatory interviews.

33. Records show that on April 26, 2017, Plaintiff reported both sex-based and racial discrimination to Equity Coordinator Lucretia Brown and Executive Director of Human Resources Christina Mazzella.

34. On April 26, 2017, Plaintiff took a photograph of her desk that had been pranked by a student. Plaintiff posted the photograph on social media because it was funny.

35. On April 27, 2017, Plaintiff was removed from proctoring a state exam because someone reported that the photograph revealed the cover of the state examination.  In actuality, Plaintiff alleges that the suspension was in retaliation for the April 26, 2017, report of discrimination.

36. Defendant's Records show that Custer responded to Plaintiff's complaint

about student Juan's discriminatory comments towards her calling her a "nigger and bitch". The student was not formally disciplined as a result of his behavior.

37. Records show that on June 26, 2017, Defendant issued Custer and Licausi written reprimands for subjecting Plaintiff to racial harassment, retaliation, and a hostile work environment resulting from her March 28, 2017, complaint investigation. The reprimands acknowledge that Plaintiff made complaints earlier in the year, prior to her March 28, 2017, complaint, and the reprimands also included those unlawful acts. The reprimands also stated that it was determined Custer and Licausi did not provide Plaintiff the support or the resources that they knew she needed in working with the school's most difficult special needs students.

38. There is no evidence to show that Defendant removed Plaintiff's discipline.

39. In summary, the evidence shows that Plaintiff dealt with a variety of issues related to working with difficult special needs students. Defendant's principal and assistant principal did not address her concerns or act to ameliorate the issues presented to them. The evidence does not substantiate Defendant's articulated reason for issuing Plaintiff discipline subsequent (2 days) to her complaint of unlawful discrimination. The evidence also does

not show that Defendant investigated Plaintiff's allegation of unlawful discrimination in a timely manner.

40. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed. Plaintiff's decline in mental health led to her declining physical health including, including insomnia, hair loss, and weight loss.

41. As a result of Defendants' conduct and comments, Plaintiff sustained serious personal injuries, including permanent psychological damage.

42. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting conditions.

43. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer from post-traumatic stress disorder, loss of income, loss of salary, bonuses, benefits, and other compensation which such employment entails. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, loss of enjoyment of working in the educational field and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

44. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages be entered against the Defendants.

45. Plaintiff claims that Defendants unlawfully discriminated against and terminated her as a result of her sex/gender, color/race, and because she complained of and opposed the unlawful conduct of Defendants related to the above-mentioned protected class.

46. Plaintiff claims constructive and/or actual discharge.

47. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.  Defendants have further exacerbated their outrageous malicious intent by publicly naming Plaintiff via online article, in a lawsuit against the School District of Allentown, alleging she physically harmed students and got away with it because she African American.

48. The above are just some examples, of some of the discrimination and retaliation to which Defendants subjected Plaintiff to on a continuous and on-going basis throughout Plaintiff's employment.

49. The Defendants' have exhibited a pattern and practice of not only discrimination but also retaliation with the earliest incident taking place on

September 20, 2016 and continuing until her eventual resignation in May 2017.

50.   Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors. Furthermore, in such case, Plaintiff claims that Defendants owed and breached its duty to Plaintiff to prevent the harassment, discrimination, and retaliation and is therefore liable for negligence.

## COUNT I
## FOR DISCRIMINATION UNDER TITLE VII
## AGAINST DEFENDANTS

49.   Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

50.   Title VII states in relevant parts as follows: § 2000e-2. [Section 703] (a) Employer Practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

51.   Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of her race and color.

## COUNT II
## FOR DISCRIMINATION UNDER TITLE VII
## AGAINST DEFENDANTS

52.   Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

53.   Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

54.   Defendants retaliated against Plaintiff because she opposed and reported Defendants' unlawful employment practices.

**COUNT III**
**FOR DISCRIMINATION**
**UNDER STATE LAW**
**AGAINST DEFENDANTS**

55. Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

56. The PHRA § 955 provides that it shall be an unlawful discriminatory practice:

   a. "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

57. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her race and color.

58.   Plaintiff hereby states her claim against Defendants under all applicable paragraphs of the PHRA § 955.

59.   Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of his employer.

**COUNT IV**
**FOR AIDING & ABETTING**
**UNDER STATE LAW**
**AGAINST DEFENDANTS**

60.   Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

61.   PHRA § 955(e) provides that it shall be an unlawful discriminatory practice:

   a.   "For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful   discriminatory   practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

62.  Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct against Plaintiff.

## COUNT V
### Hostile Work Environment and Harassment
### Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.
### AGAINST DEFENDANTS

63.  Plaintiff incorporates by reference the foregoing paragraphs as if set forth at length herein.

64.  Defendants are an employer under 42 U.S.C. §2000 et seq. as they engage in an industry affecting commerce and have 15 or more employees for each working day of 20 or more calendar weeks in the current or preceding calendar year.

65.  Plaintiff is a person and has a protected class in being African American.

66.  Under 42 U.S.C.§2000e-2, it shall be unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

67.  Defendant, by and through Plaintiff's supervisors, made discriminatory remarks about Plaintiff, treated Plaintiff disparately by way of conduct

motivated by discriminatory animus as set forth in the Material Facts which have been incorporated into this Cause of Action.

68. The disparate treatment was clearly discriminatory conduct based upon race and color.

69. The disparate treatment caused a hostile work environment for Plaintiff as the treatment had an actionable impact on Plaintiff's ability to work.

70. Plaintiff's complaints about her treatment were reported to her supervisors and in accordance with the Defendant's procedures.

71. Defendant failed to address Plaintiff's complaints of discrimination fairly and properly.

72. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

73. Defendant's actions were willful and wanton and thus require an imposition of Punitive Damages.


**COUNT VI**
**DISPARATE TREATMENT**
**CIVIL RIGHTS ACT OF 1964, 42 U.S.C.§2000e et. seq.**
**AGAINST DEFENDANTS**

74.   Plaintiff incorporates by reference the foregoing paragraphs as set forth at length herein.

75.   Defendants discriminated against and disparately treated Plaintiff by and through its officers, managers, and supervisors as follows:

    a.   Disparate discipline.

    b.   Disparate scheduling.

    c.   Disparate training and pay.

    d.   Constructive discharge

    e.   Disparate and discriminatory criticism of work performance where similarly situated non-African Americans were not subject to the same, and

    f.   Other treatment that was wrongful and disparate on the basis of race/color.

76.   As a direct and proximate result of Defendants discrimination, Plaintiff has suffered from a loss of wages including back pay, front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

77.   Defendants' actions were willful and wanton and thus require imposition of Punitive Damages.

78.   Alternatively, Defendants considered Plaintiff 's race in the foregoing discrimination. Therefore, Plaintiff is entitled to a charge of mixed-motive discrimination, which entitles Plaintiff to an award of Attorney's fees.

## COUNT VII
## RETALIATION
## Civil Rights Act of 1964, 42 U.S.C.§200e et. seq.
## AGAINST DEFENDANTS

79.   Plaintiff incorporates the foregoing paragraphs as set forth at length herein.

80.   Defendant retaliated against Plaintiff for making a complaint of discrimination.

81.   The temporal proximity between Plaintiff's complaint, discipline and eventual termination raises an inference that the termination was retaliation, such that no further evidence of retaliation is necessary.

82.   As a direct and proximate cause of Defendant's discrimination, Plaintiff suffered loss of wages including back pay, front pay, loss of amenities of employment, out of pocket expenses, emotional damages, all to Plaintiff's detriment.

83.   Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

## COUNT VIII
## Discrimination, Disparate Treatment, Hostile Work Environment, Retaliation
## Pennsylvania Human Relations Act, 43 P.S. §951 et. seq.
## AGAINST ALL DEFENDANTS

84. Plaintiff incorporates the foregoing paragraphs as set forth at length herein.

85. Defendant DEFENDANTS is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania and because Defendants resided in Pennsylvania at all times material.

86. Plaintiff is protected under the Pennsylvania Human Relations Act and is a member of a protected class, being African American (race) and black (color).

87. Defendant subjected Plaintiff to harassing, hostile work environment, disparately treated Plaintiff, retaliated against Plaintiff and otherwise discriminated against Plaintiff, all based upon race and color as alleged.

88. As a direct and proximate cause of Defendant's discrimination, Plaintiff has suffered loss of wages including: back pay, front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harm, all to Plaintiffs' great detriment.

89.   Plaintiff seeks attorney's fees under the Pennsylvania Human Relations

Act.


**COUNT IX**
**Vicarious Liability**
**AGAINST DEFENDANT**

90.   At all times material, Defendant employed all other individual

Defendants named in this matter.  DEFENDANT is vicariously liable

for all actions taken by the individual Defendants as well as any other

employees who may have contributed to the harm caused by the

discrimination hereinbefore described.


**COUNT X**
**FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981**
**(AGAINST ALL DEFENDANTS)**

91.   42 U.S. Code § 1981 - Equal rights under the law states provides:

a.  All persons within the jurisdiction of the United States shall have

the same right in every State and Territory to make and enforce

contracts, to sue, be parties, give evidence, and to the full and equal

benefit of all laws and proceedings for the security of persons and

property as is enjoyed by white citizens, and shall be subject to like

punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

b. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

c. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

92. Defendants continuously enforced a purposeful and discriminatory pattern and practice of depriving female African American individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

93. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of

life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

94. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

95. Defendants violated the above and Plaintiff suffered numerous damages as a result.

96. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42 U.S. Code § 1981.

97. Plaintiff claims Defendants both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

## **JURY DEMAND**

 Plaintiff requests a jury trial on all issues to be tried.


## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress, back pay, front pay,

punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and

disbursements of action; and for such other relief as the Court deems just and proper.

Date:

**DEREK SMITH LAW GROUP, PLLC**

By: _____

Scott E. Diamond, Esq.
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: (215) 391-4790
scott@dereksmithlaw.com
*Attorneys for Plaintiff*